# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| -vs- | ) | Case No. CR-09-164-F |
| LEBRON EARL SAMUELS, | ) |  |
| Defendant. | ) |  |

## ORDER

On January 2, 2019, the court revoked defendant's term of supervised release and ordered defendant committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months. *See*, doc. no. 99. The court also imposed a term of 1 year of supervised release. *Id*. Judgment was entered on January 4, 2019. *See*, doc. no. 100.

On August 22, 2019, the court received from defendant a letter dated August 19, 2019, requesting the court to consider an alternative to his sentence, such as home confinement or a half-way house, to allow him to take care of his wife, who has been diagnosed with cancer. *See*, doc. no. 101. Defendant indicates that he is the sole caregiver for his wife.

Initially, the court advises defendant that any request to the court must be in the form of a motion. *See*, Rule 47, Fed. R. Crim. P. ("A party applying to the court for an order must do so by motion.") The court generally does not respond to requests contained in a letter.

Even if the court were to construe defendant's request in a letter as a motion, the court lacks jurisdiction to grant defendant the relief requested.

Section 3621(b) of Title 18 of the United States Code provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). "The term 'imprisonment' refers to any type of custody, including custody in a correctional facility or home confinement program." Moresco v. United States, 982 F.2d 529, 1992 WL 372399, *2 (10th Cir. 1992) (unpublished opinion cited as persuasive pursuant to 10th Cir. R. 32.1(A)). Thus, the decision as to defendant's placement rests with the Bureau of Prisons. The court is without jurisdiction to order how defendant's sentence is to be administered. *Id*.

In addition, to the extent defendant requests a reduction of his sentence, the court does not have jurisdiction to modify it. Federal courts "lack jurisdiction to modify a term of imprisonment once it has been imposed," except where a modification is "statutorily authorized." United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013). Section 3582(c)(1)(A) of Title 18 of the United States Code permits the court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," to reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Bureau of Prisons has not filed a motion on defendant's behalf, and defendant's letter does not reveal that he has satisfied the requirements for his filing a motion under section 3582(c)(1)(A). Consequently, the court is without jurisdiction to reduce defendant's sentence.

In sum, the court generally does not respond to any request contained in the form of a letter. However, even if the court were to construe defendant's request in

his letter as a motion, the court, for the reasons stated above, lacks jurisdiction to grant the relief requested.

    IT IS SO ORDERED this 26th day of August, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0164p006.docx